UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA MICHAEL MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE CO., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-000407-MMD-DJA<br><br>ORDER |

Defendant Progressive Direct Insurance Co. removed this action from Nevada state court on February 29, 2024, on the basis of diversity jurisdiction. (ECF No. 1.) *See* 28 U.S.C. § 1332. Plaintiff Joshua Montgomery asserts claims arising from a vehicle collision for breach of contract, violation of the Unfair Claims Practices Act, unjust enrichment, and breach of the covenant of good faith and fair dealing. (ECF No. 1-1.)

District courts have original jurisdiction over civil actions where the matter is between citizens of different states, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007). Here, questions remain as to whether Defendant has met the amount in controversy requirement. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

In his complaint, Plaintiff alleges that he is entitled to the uninsured/underinsured policy limit payment from Progressive, and that Defendant refused to make adequate payment. (ECF No. 1-1 at 4.) He further alleges that Defendant's willful refusal caused

injury to Plaintiff in excess of $15,000. (*Id.*) In Progressive's petition for removal (ECF No. 1) and statement on removal (ECF No. 6), Defendant asserts that the amount in controversy in this action exceeds $75,000 because the Progressive contractual underinsured motorist policy includes a limit of $50,000 per person and $100,000 per incident. (ECF Nos. 1 at 2, 6 at 1-2.) Progressive further asserts that the contractual limits of the policies, as well as tort damages, are sufficient to exceed the jurisdictional limit. (*Id.*) However, Progressive does not adequately demonstrate why the incident policy limit of $100,000 should apply here, or alternatively, why the amount in controversy requirement is met if the individual policy limit of $50,000 applies. Defendant asserts that the Court may consider both contractual and extracontractual damages, as well as punitive damages, in determining the amount in controversy. (ECF No. 1 at 2.) But in order to meet its burden, Defendant must more specifically state how the policy limit amount and tort damages amount interact to meet the requirement.

It is therefore ordered that, within 15 days of the entry of this order, Defendant must show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response as permitted by Local Rule 7-2.

DATED THIS 13th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE